UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tianna Shoemo-Flint,
On Behalf of Herself and Others
Similarly Situated,

          Case No. 3:22-cv-1113

    Plaintiff,

v.

          MEMORANDUM OPINION
          AND ORDER

Cedar Fair, L.P.,

    Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Cedar Fair, L.P., owns and operates the Hotel Breakers hotel and resort adjacent to the Cedar Point Amusement Park in Sandusky, Ohio. (Doc. No. 8 at 2-3). Within the Hotel Breakers is a TGI Friday's restaurant, which also is owned and operated by Defendant. (*Id.*). Plaintiff Tianna Shoemo-Flint has worked as a server at this TGI Friday's location within the last three years. (*Id.*). She contends Defendant has violated state and federal law by maintaining a policy and practice of requiring servers to perform "side work," such as "setting tables, making coffee, restocking glasses, cups and dishes, refilling salt and pepper shakers, refilling and setting condiments, rolling silverware, setting tables, clearing tables, putting up and taking down chairs, sweeping, cleaning, and other miscellaneous tasks that were not tip-producing work." (*Id.* at 4).

Plaintiff filed suit, alleging that, by willfully failing to pay the applicable minimum wage, Defendant violated the Fair Labor Standards Act, Article II § 34a of the Ohio Constitution, and

Ohio's Prompt Pay Act, Ohio Revised Code § 4113.15. (Doc. No. 1). She sought to pursue these claims individually and as a class and a collective action. (*Id.*). Defendant moved to dismiss Plaintiff's claims or, in the alternative, for a more definite statement of her claims. (Doc. No. 7). In response, Plaintiff filed her First Amended Class and Collective Action Complaint. (Doc. No. 8). Defendant filed an answer, (Doc. No. 9), as well as a motion to strike the class and collective action allegations. (Doc. No. 10). Plaintiff filed a brief in opposition to the motion to strike, (Doc. No. 11), and Defendant filed a brief in reply. (Doc. No. 12). For the reasons stated below, I deny Defendant's motion to dismiss or for a more definite statement as moot and I grant Defendant's motion to strike.

## II. DISCUSSION

Though not explicitly referenced in the Federal Rules of Civil Procedure, courts have entertained motions to strike class action allegations before either party files a formal motion for class certification. *See, e.g., Glass v. Tradesmen Int'l, LLC*, 505 F. Supp. 3d 747, 764 (N.D. Ohio 2020); *Progressive Health & Rehab Corp. v. Quinn Med., Inc.*, 323 F.R.D. 242, 244-45 (S.D. Ohio 2017). A court may strike class action allegations "where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." *Glass*, 505 F. Supp. 3d at 764.

Rule 23 requires a class action plaintiff to show "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). *See also Pilgrim v. Universal Health Card,* LLC, 660 F.3d 943, 945-46 (6th Cir. 2011). The plaintiff also must show the proposed class fits within one or more of the categories described in Rule 23(b).

Similarly, an FLSA plaintiff may sue an employer on her own behalf and on behalf of similarly situated employees who "opt-in" by filing a written consent to be a party in the court where the action is brought. 29 U.S.C. § 216(b); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). Collective action certification consists of two stages: the notice stage and the decertification stage. *Comer*, 454 F.3d at 546. Previously, at the notice stage, a court would determine whether the named plaintiff had established a "colorable basis" for the named plaintiff's assertion that other potential plaintiffs are similarly situated to the named plaintiff. *Peterson v. Cleveland Inst. of Art*, No. 1:08-cv-1217, 2011 WL 1230267, at *2 (N.D. Ohio Mar. 30, 2011) (*citing Comer*, 454 F.3d at 546 and *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 865-66 (S.D. Ohio 2005)). This was characterized as a "fairly lenient" requirement in which the plaintiff must make only "a modest factual showing" that the named and potential plaintiffs are similarly situated. *Comer*, 454 F.3d at 547; *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004).

A plaintiff may demonstrate she is similarly situated to potential plaintiffs by showing she and the potential plaintiffs "suffer from a single, FLSA-violating policy, and [that] proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

Recently, the Sixth Circuit announced that courts should apply a "strong likelihood" standard at the notice stage. *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). In *Clark*, the Sixth Circuit held that,

> for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a "strong likelihood" that those employees are similarly situated to the plaintiffs themselves. . . . That standard requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance. The strong-likelihood standard is familiar to the district courts; it would confine the issuance of court-approved notice, to the extent practicable, to employees who are in fact similarly situated; and it would strike the same balance that courts have long struck in analogous circumstances.

*Id.*

3

Plaintiff offers the same definition for the proposed class and the proposed collective: "All current and former tipped servers employed by Defendant at any time during the three years prior to the date of filing this Complaint and continuing through the conclusion of this matter." (Doc. No. 8 at 6). While I disagree with Defendant's contention that this definition is "hopelessly vague" and "overly broad," (Doc. No. 10 at 6), I agree that Plaintiff has not plausibly alleged facts which would permit her to maintain this case as a class or collective action.

Plaintiff alleges only that she was "employed by Defendant within the last three years." (Doc. No. 8 at 2). There is no indication in the Complaint when she began working for Defendant, how long she worked for Defendant, or whether she still works for Defendant. She asserts she is similarly situated to other employees who worked as servers for Defendant, (*id.* at 3), but this is no more than a legal conclusion. At most, Plaintiff alleges other servers who also worked for Defendant during the unknown period in which she worked for Defendant were subject to the same impermissible policy and practice. But there simply is no way of determining whether this alleged policy and practice was common to "'all or a significant number of the members of the putative class,'" or if there were sufficient differences in the application of the policy which distinguish Plaintiff's claims from those of other putative class members. *Avio, Inc. v. Alfoccino, Inc.*, 311 F.R.D. 434, 444 (E.D. Mich. 2015) (quoting *In re Nw. Airlines Corp.*, 208 F.R.D. 174, 217 (E.D. Mich. 2002)).

Plaintiff asserts it would be premature to grant Defendant's motion, arguing "the more prudent course is to permit the parties to conduct discovery on the propriety of class certification, and present their arguments for and against class certification with the benefit of a developed factual record." (Doc. No. 11 at 5). But Plaintiff fails to show "how discovery or for that matter more time would . . . help[]" her. *Pilgrim*, 660 F.3d at 949 (affirming district court order granting pre-certification motion to strike class action allegations). There is no reason to think discovery is necessary for Plaintiff to plead facts showing her personal knowledge of the timing and duration of

4

her employment. Nor has she shown more time is warranted here. Defendant previously sought more information regarding how Plaintiff "knows that others similarly situated to her were required to perform this type of alleged 'side work' for similar duration." (Doc. No. 7 at 3, 6, 7, and 8). Plaintiff did not allege any additional facts about the period of her employment or what knowledge she may have that could plausibly establish all other servers employed by Defendant during the relevant three-year period were subject to the same alleged violations of the FLSA and Ohio law.

The same holds true for Plaintiff's collective-action allegations. The Complaint does not contain sufficient factual detail to permit a reasonable inference that Plaintiff and the other members of the proposed collective "suffer[ed] from a single, FLSA-violating policy." *O'Brien*, 575 F.3d at 585. Plaintiff offers only the conclusory allegations that her experiences are typical of the experiences of all other servers employed by Defendant during the relevant time period. (Doc. No. 8 at 5). These allegations do not provide a "colorable basis" for, much less a "strong likelihood" of, the necessary conclusion that Plaintiff is similarly situated to the other defined members of the collective. *Peterson*, 2011 WL 1230267, at *2; *Clark*, 68 F.4th at 1011. *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (reiterating "'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted)).

### III. CONCLUSION

For the reasons stated above, I conclude Plaintiff fails to allege facts which would permit her to maintain this case as a class action or a collective action, and I grant Defendant's motion to strike. (Doc. No. 10). I deny Defendant's motion to dismiss, (Doc. No. 7), as moot.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

5