IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TIANNA SHOEMO-FLINT,** | ) | CASE NO. 3:22-CV-1113-DAC |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE DARRELL A. CLAY |
| | ) | |
| vs. | ) | **ORDER APPROVING FLSA COLLECTIVE** |
| | ) | **ACTION SETTLEMENT** |
| **CEDAR FAIR, L.P.,** | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tianna Shoemo-Flint ("Plaintiff") and Defendant Cedar Fair, L.P. ("Defendant") (collectively, the "Parties") have moved the Court to approve settlement of claims brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), to approve the requested Service Award (as defined and outlined in the Collective Action Settlement Agreement and Release (the "Agreement"), a copy of which was attached as Exhibit 1 to the Parties' Joint Motion for Approval of FLSA Collective Action Settlement ("Joint Motion"), and to approve Plaintiff's Counsel's requested fees and expenses (as defined and outlined in the Agreement).

Having reviewed the Agreement, as well as the Parties' Joint Motion, the Declarations appended thereto, and the pleadings and papers on file in this case (the "Action"), and for good cause established therein, the Court hereby approves settlement of the FLSA claims as provided in the Agreement as follows:

1. Unless otherwise defined, all terms used in this Order have the same meaning as defined in the Agreement.

2. On June 24, 2022, Plaintiff filed her collective and class action Complaint in the United States District Court for the Northern District of Ohio, *Shoemo-Flint v. Cedar Fair, L.P.*, with Case No. 3:22-cv-1113 (the "Action"). On September 7, 2022, Plaintiff filed a First Amended

Complaint in the Action. In the Action, Plaintiff asserted claims against Defendant, on behalf of herself and others similarly situated under the Fair Labor Standards Act ("FLSA") and Article II § 34a of the Ohio Constitution. Specifically, the Action alleges that Defendant violated the FLSA and Ohio law by paying the Plaintiff and others similarly situated at a tip-credit rate for all time worked, including preparing food, cleaning, and tasks related to restaurant opening and closing, and other miscellaneous tasks that had no relation to tip producing work, and for side work, or tip-supporting work, that exceeded 30 minutes at a time or exceeded 20% or more of the employee's work time.

3. On September 21, 2022, Defendant filed its Answer in which it denied all material allegations and denied liability, and Defendant continues to deny any liability.

4. To avoid the burden, expense, risks and uncertainty of litigation, the Parties agreed to engage in good faith, arm's length settlement discussions. The case was stayed pending the outcome of mediation, but was ultimately resolved without it.

5. The Agreement provides for collective-wide settlement, notice to Eligible Settlement Participants, and distribution of payments to Claimants as outlined in the Agreement.

6. Settlement of FLSA claims is subject to approval by the Court.

7. The Agreement was achieved after arm's-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and various state wage and hour claims.

8. Accordingly, the Court approves as fair, reasonable, and adequate settlement of the claims made pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) as outlined in the Agreement. For purposes of this Approval Order, the Court further incorporates by reference the terms and definitions as set forth in the Agreement.

9. The Court approves the content, form, and distribution of the Notice of Settlement and Claim Form to all Eligible Settlement Participants as outlined in the Agreement.

10. The Court approves the Service Award for Plaintiff, and for Angel Hernandez, in recognition of, and in consideration for, their substantial assistance rendered to Plaintiff's Counsel and in pursuing the rights of all Eligible Settlement Members, as provided in the Agreement.

11. The Court approves the payment of Plaintiff's Counsel's attorneys' fees and expenses as provided in the Agreement. Plaintiff's Counsel has significant experience litigation wage and hour cases, and fees of one-third (1/3) of common fund are typical for FLSA collective actions in this District.

12. The Court orders that payments from the Global Settlement Fund, including Service Award, Plaintiff's Counsel's attorneys' fees and costs, distributions to Claimants, and settlement administration costs be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court dismisses, with prejudice, the claims of the Plaintiff, individually and on behalf of the Claimants, as provided in the Agreement.

14. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Granting Approval of FLSA Settlement immediately.

15. The Court retains jurisdiction over the Action to enforce the terms of the Agreement.

IT IS SO ORDERED this 22nd day of July, 2024.

---

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE